Peter B. Janci, OSB No. 074249
peter@crewjanci.com
Stephen F. Crew, OSB No. 781715
steve@crewjanci.com
Zachary K. Pangares, OSB No. 213383
zach@crewjanci.com
CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Telephone: (503) 306-0224
*Of Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JENNIFER DOE, an individual proceeding under pseudonym, | CASE NO: 3:24-CV-00721 |
| Plaintiff, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| JEWELL SCHOOL DISTRICT 8, an Oregon school district; ALICE HUNSAKER, individually and in her capacity as Superintendent of the Jewell School District 8; STEPHEN PHILLIPS, individually and in his capacity as Administrator and Superintendent of the Jewell School District 8; TERRENCE SMYTH, individually and in his capacity as Principal of Jewell School; JOHN and JANE DOE, 1-15; | |
| Defendants. | |

Plaintiff Jennifer Doe, an individual proceeding under pseudonym, by and through her

attorneys, Crew Janci LLP, for her Complaint against Defendants allege, as follows:

**Page 1—COMPLAINT**

## JURISDICTION

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that it is a civil action arising under 42 U.S.C. § 1983 and 20 U.S.C. § 1681 *et seq* and therefore presents a federal question. This Court may assert supplemental jurisdiction over Plaintiff's state-law claims that are related to, and form part of, the same case or controversy pursuant to 28 U.S.C. § 1367.

## VENUE

2.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in Clatsop County, Oregon.

## PARTIES

3.      Plaintiff Jennifer Doe is an adult female born in 2002. At all times material herein, Plaintiff was a minor resident of Clatsop County, Oregon, and a public-school student enrolled at and attending Jewell School in the Jewell School District, in Clatsop County, Oregon.

4.      Plaintiff is proceeding under a pseudonym because she is the victim of childhood sexual abuse and publicity of her true identity will cause further unwarranted trauma. Plaintiff's true identity is known to the Defendants.

5.      At all times material herein, Defendant Jewel School District 8 was a school district authorized and chartered by the laws of the State of Oregon, and an education institution that receives federal funding for public education and is subject to Title IX. Jewell School District's principal place of business is 83874 Highway 103, Seaside, Clatsop County, Oregon, 97138-6154. Jewell School District is a rural public school located between Vernonia and Seaside in Clatsop County, Oregon. Jewell School is the only school in the Jewell School

Page 2—COMPLAINT

District. Jewell School serves kindergarten through twelfth grade and has approximately 175 enrolled students. At all times material herein, Jewell School District operated, governed, and controlled Jewell School and its agents.

6.      For at least part of the time material herein, Defendant Alice Hunsaker was the Superintendent of Jewell School District from approximately June 2013 to March 2019. Upon information and belief, Defendant Alice Hunsaker is currently domiciled in Sun City West, Arizona. In Hunsaker's official and/or individual capacity as Superintendent, Hunsaker had the authority and duty to make and implement (and did make and implement) all District-wide policies, procedures, and rules, including the implementation of any policies, procedures, or training related to sexual abuse prevention detection, investigation, reporting, correction, and remediation. Hunsaker also had the authority and duty (1) to supervise and discipline (and did supervise) Jewell School District personnel, including Plaintiff's abuser David Brandon; and (2) to exercise final oversight (and did exercise final oversight) over personnel decisions, including the hiring, supervision, discipline, and retention of Jewell School District personnel, including of Plaintiff's abuser David Brandon.

7.      For at least part of the time material herein, Defendant Terrance Smyth served as the Principal of Jewell School from approximately Fall 2016 to Spring 2019. Upon information and belief, Defendant Terrance Smyth is currently domiciled in Sun City West, Arizona. In Smyth's official and/or individual capacity as Principal, Smyth had the authority and duty to implement (and did make and implement) school-wide all policies, procedures, and rules adopted by Jewell School District leadership, including by Superintendent Hunsaker. This included the implementation of any policies, procedures, or training related to sexual abuse prevention, detection, reporting, investigation, correction, and remediation. Smyth also had supervisory authority and supervised Jewell School personnel, including Plaintiff's abuser, David Brandon.

**Page 3—COMPLAINT**

8.      For at least part of the time material herein, Defendant Stephen Phillips was employed with Jewell School District as the Executive Administrator (from approximately 2018 to mid-year 2019) and Superintendent (from approximately mid-year 2019 to 2021). Upon information and belief, Defendant Stephen Phillips is currently domiciled in Newberg, Oregon. In Phillips's official and/or individual capacity as Superintendent and Executive Administrator, Phillips had the authority and duty to make and implement (and did make and implement) all District-wide policies, procedures, and rules, including the implementation of any policies, procedures, or training related to sexual abuse prevention, detection, investigation, reporting, correction, and remediation. Phillips also had the authority and duty (1) to supervise and discipline (and did supervise) Jewell School District personnel, including Plaintiff's abuser David Brandon; and (2) to exercise final oversight (and did exercise final oversight) of personnel decisions, including the hiring, supervision, discipline, and retention of Jewell School District personnel, including of Plaintiff's abuser David Brandon.

9.      Defendants John and Jane Doe 1-15 ("Does 1–15") are unknown District agents sued in their individual and official capacities whose identities are not yet known to Plaintiff. Does 1–15 are District agents who were aware of the substantial risk of abuse or harassment by David Brandon and whose conduct played a causal role in Plaintiff's injuries. Upon a determination of their true identities, Plaintiff will supplement and amend her pleadings to reflect the same.

10.     Defendant Jewell School District and Defendants Hunsaker, Smyth, Phillips, and Does 1–15 when acting variously at relevant times in their official capacities on behalf of Jewell School District or Jewell School, shall hereinafter be collectively referred to as the "District Defendants."

11.     Defendants Hunsaker, Smyth, Phillips, and one or more of Does 1–15, when

acting variously in their individual capacities on behalf of the Jewell School District or Jewell School, shall hereinafter be collectively referred to as the "Supervisory Defendants."

12.     District Defendants and Supervisory Defendants shall hereinafter be collectively referred to as the "Defendants," unless the context clearly alleges otherwise.

## STATEMENT OF FACTS

13.     Defendant Jewell School District hired David Michael Brandon as a shop teacher early in the 2014–2015 school year. Brandon had no experience as a shop teacher and was not certified to teach a technical education class, Instead, Brandon had an "emergency teaching license." Brandon ultimately taught numerous classes at Jewell School District as a full-time teacher between 2014 and his departure in 2019. As a teacher at the school, Defendant Jewell School District empowered Brandon to perform all duties of a District staff member, including supervising, disciplining, and developing rapport and relationships with District students, including Plaintiff.

14.     As alleged in further detail below, Defendants possessed extensive notice that Brandon posed an ongoing danger to the District's students, including knowledge that Brandon had engaged in illegal conduct with multiple students and had committed numerous unconstitutional acts of misconduct, sexual misconduct, sexual harassment, and sexual abuse. Defendants chose to continuously retain Brandon until Defendants allowed Brandon to quietly resign after the 2018–2019 school year, despite Defendants having extensive notice of Brandon's dangerousness towards female students, including Plaintiff, prior to and during his abuse of Plaintiff. Defendants allowed Brandon to quietly resign despite knowing that he was likely to seek new employment as a teacher—which he did—taking a position teaching at Hilda Lahti Elementary in Knappa, Oregon.

Page 5—COMPLAINT

15.     Brandon was arrested in 2021 for charges stemming from his abuse of Plaintiff. In January of 2022, Brandon was indicted for his abuse of Plaintiff, including five counts of rape in the third degree, one count of sodomy in the third degree, four counts of sexual abuse in the third degree, five counts of sexual abuse in the third degree, and charges related to providing drugs to minor students from Jewell School. In March of 2023, Brandon entered a plea and was convicted of numerous counts related to his sexual abuse of and misconduct towards Plaintiff.

## DEFENDANTS LEARN OF BRANDON'S DANGEROUSNESS TOWARDS STUDENTS SHORTLY AFTER HE STARTS TEACHING AT JEWELL SCHOOL

16.     Prior to Brandon's sexual abuse of Plaintiff beginning in 2016, Defendants acquired extensive prior notice that Brandon posed an ongoing danger to the District's female students. Defendants' extensive notice included numerous known, corroborated acts of misconduct towards and harassment of students dating from at least 2014.

17.     From approximately 2009–2010, Brandon worked at Jewell School as a student intern. Brandon returned to employment with Jewell School as a teacher in 2014.

18.     Beginning in at least 2014, Jewell School District knew that Brandon was engaging in boundary violations and misconduct with students and was a danger to students. Jewell School District retained retired veteran teacher (Paula Jack-Fix) to mentor and provide corrective oversight to Brandon in his classroom. Jack-Fix worked as a teacher for thirty years in the Beaverton School District before mentoring Brandon for several years between approximately the Fall of 2014 to the Spring of 2017.

19.     Upon commencing her work with David Brandon, Jack-Fix quickly became concerned about Brandon's dangerousness towards students, including for the following reasons:

     a.   Jack-Fix observed Brandon isolating female students alone in a small room within the shop classroom with him on multiple occasions. Jack-Fix repeatedly

confronted Brandon about his behavior and directly told him that it was inappropriate for him to isolate himself with a female student. Jack-Fix reported every incident to the District administration. During each report, Jack-Fix told District administrators that she was concerned about Brandon's behavior and that his behavior violated appropriate teacher-student boundaries;

b.  Jack-Fix observed Brandon allowing and encouraging students to engage in conduct that posed an obvious threat to their physical safety;

c.  In the Spring of 2015, Jack-Fix informed Superintendent Hunsaker and one or more other administrators that Superintendent Hunsaker should arrange for closer supervision and monitoring of Brandon conduct within his classroom. At least part of the reason for this recommendation was concern about Brandon's boundary violations with minor students.

d.  After the Summer of 2015, Jack-Fix informed Superintendent Hunsaker to review Brandon's licensure because he had yet to receive the proper teaching certifications that he was to obtain that year. On information and belief, at least part of the reason for this recommendation was concern about Brandon's boundary violations with minor students.

e.  Before the Summer of 2016, Jack-Fix notified Superintendent Hunsaker and Principal Smyth that she did not believe Brandon was safe to be teaching at Jewell School and that she had concerns for students' safety based on Brandon's presence at the school. Jack-Fix expressly told Hunsaker and one or more other administrators that Brandon should not be teaching at Jewell School and recommended that should be terminated.

**Page 7—COMPLAINT**

  f. By the Spring of 2017, Jack-Fix had expressed concerns to Jewell School administrators on at least five or six separate occasions regarding Brandon's lack of judgment, poor boundaries, lack of professionalism, and danger to students. Despite Jack-Fix's reports to the District, the District did not terminate Brandon and did not make any effective or meaningful changes in its supervision, monitoring, or discipline or restrict Brandon's access to or authority over minor students at Jewell School.

20. Between approximately the Fall of 2014 and the Spring of 2019, in addition to the aforementioned reports by Jack-Fix, various other Jewell School administrators, teachers, and staff received information on multiple occasions indicating that Brandon was a danger to students and engaging in misconduct and other illegal behavior, including allowing the open use of illegal drugs in his classroom, providing illegal drugs to students on and off campus, and enlisting minor students to sell illegal drugs to other students. For example:

  a. Jewell School District administrators received reports about concerns that Brandon was observed sitting too close to female students as they worked at computer stations in the shop area.

  b. The concerns about Brandon's interactions with female students escalated to the point that the District counseled Brandon on maintaining appropriate distance when working with students and how to keep the doors to his classroom open.

  c. Principal Smyth evaluated and observed Brandon's classroom performance several times over approximately three years while Brandon was a probationary teacher. Smyth observed that Brandon, in general, exhibited a lack of professional judgment, was too comfortable with minor students, and was too loose in his classroom management.

**Page 8—COMPLAINT**

    d.    A staff member at Jewell School received reports during the 2015–2016 school year that Brandon was smoking and selling marijuana to students. The staff member passed the reports to Superintendent Hunsaker and other administrators.

21.    Upon information and belief, Brandon openly communicated with other students via text message during and outside of school hours. Brandon also took students off campus and on road trips, sometimes under the guise of working on school projects.

22.    Taken together, the information set out in paragraph 16–21 indicated to the Defendants that, prior to any of the abuse suffered by Plaintiff (as set out below), Brandon was engaged in boundary violations, misconduct, harassment, and grooming behavior towards students indicating a danger to students. Despite this knowledge, the District retained Brandon as a teacher and held him out to its students and parents as a safe, trustworthy authority figure for youth.

23.    Defendants' decision to retain Brandon directly enabled him to continue his boundary violations towards, grooming of, and sexual harassment of District female students, including Plaintiff.

**DEFENDANTS HAVE EXTENSIVE ONGOING NOTICE OF THE DANGEROUSNESS POSED BY BRANDON AS HE GROOMS AND ABUSES PLAINTIFF**

24.    At all times material herein, the District Defendants selected, approved, and retained Brandon as a public high school teacher at Jewell School. As a public high school teacher for Defendants, Brandon acted as the agent of the District Defendants, agreeing to act on the District Defendants' behalf and under their control, and with the District Defendants' assent to Brandon acting on their behalf. As a public high school teacher for Defendants, Brandon was empowered to educate, supervise, discipline, befriend, and mentor the District's students attending Jewell School, including Plaintiff. Brandon provided these services to Plaintiff on

**Page 9—COMPLAINT**

behalf of the District Defendants.

25.     The District Defendants empowered Brandon to perform all duties of a public high school teacher, including educating, supervising, disciplining, befriending, and mentoring the District's students attending Jewell School, including Plaintiff, and to perform any other duties of a public high school teacher not specifically mentioned. The District Defendants knew that as part of his duties as a public high school teacher, Brandon would be in a position of trust, confidence, respect, and authority over District students attending Jewell School, including Plaintiff. At all times material herein, the District Defendants retained the right to control the means and methods used by Brandon in fulfilling his duties as a public high school teacher. In addition, or in the alternative, the District Defendants caused Plaintiff to believe that the District Defendants consented to having Brandon act on their behalf, and in all of Plaintiff's interactions with Brandon, Plaintiff reasonably relied upon her belief that the District Defendants consented to having Brandon act on their behalf. The services of Brandon for and to the District Defendants made him an agent and/or apparent agent of the District Defendants.

26.     Plaintiff first met Brandon in his role as a teacher in the 2014–2015 school year when Plaintiff was in seventh grade. Over time, Brandon's duties towards Plaintiff as her teacher expanded. When Plaintiff was a sophomore at Jewell School, Brandon was assigned as one of Plaintiff's teachers. When Plaintiff was a junior at Jewell School, Brandon was assigned as Plaintiff's teacher for three separate classes. Additionally, Brandon eventually encouraged Plaintiff to serve as his teacher's assistant ("TA") and District Defendants affirmatively assigned Plaintiff as Brandon's teacher's assistant. Eventually, through his position as a teacher with Jewell School District, Brandon was spending multiple hours of each school day with Plaintiff.

27.     Throughout the course of Plaintiff's education within the Jewell School District, District Defendants were aware of difficulties in Plaintiff's personal life that made her

vulnerable, particularly to boundary violations, grooming, advance, harassment, and abuse by a trusted teacher. For example, during Plaintiff's freshman year of high school, Plaintiff experienced a family crisis and was out of school for several weeks. After Plaintiff returned, she struggled with emotional issues. Plaintiff's father communicated Plaintiff's struggles and vulnerability to Jewell School administrators and staff. Based on the information known to District Defendants, it was foreseeable to Defendants that a sexual abuser would target Plaintiff, given her vulnerabilities.

28.    While working for the District at Jewell School, and at least in part for the purpose of furthering his assigned duties as a public high school teacher for the District Defendants, Brandon sought and gained Plaintiff's respect, admiration, friendship, and obedience; sought and gained Plaintiff's trust and confidence as an authority figure and mentor to Plaintiff; and sought and gained the permission, acquiescence, and support of Plaintiff's parents to spend substantial periods of time alone with Plaintiff. Defendants also instructed Plaintiff to trust, obey, and have respect for all school and District staff, including Brandon. As a result, Plaintiff was conditioned to trust Brandon, to comply with Brandon's direction, and to respect Brandon as a person of authority. This course of conduct, as further described and alleged below, is hereinafter referred to as "Grooming."

29.    Beginning in the 2016–2017 school year, Brandon, who was thirty-nine (39) years old at the time, began Grooming Plaintiff, then a fourteen (14) year-old freshman.

30.    Specifically, Brandon began observably Grooming Plaintiff through escalating acts of special individualized attention, including:

a.    Sitting and talking with Plaintiff one-on-one for long periods of time;

b.    Talking about personal and intimate subjects with Plaintiff, including during

classes;

    c.  Giving Plaintiff rides in his car to and from the school's campus;

    d.  Exchanging handwritten personal notes with Plaintiff at school, and during school hours;

    e.  Exchanging gifts with Plaintiff at school;

    f.  Meeting Plaintiff for one-on-one conversation at various locations on the school's campus;

    g.  Having regular one-on-one lunches with Plaintiff in his classroom;

    h.  Engaging Plaintiff in private personal phone calls;

    i.  Engaging with Plaintiff through private personal text messages, including during the school day;

    j.  Engaging with Plaintiff through private social media messages; and

    k.  Allowing and encouraging Plaintiff to spend significant amounts of time alone with Brandon in his classroom.

31.    Brandon engaged Plaintiff in these acts of Grooming openly, and much of his conduct was observable—and was observed—by Jewell School teachers, staff, and students. Yet, Defendants undertook no action, follow-up, or investigation to end, mitigate, or prevent the foreseeable and ongoing harms being inflicted on Plaintiff despite having extensive prior notice of the danger Brandon posed to female students, including Plaintiff.

32.    Defendants affirmatively acted to enable and encourage Plaintiff's consistent

Page 12—COMPLAINT

exposure to Brandon's known dangerousness, adopting a policy or practice of allowing Brandon's Grooming to continue unsupervised and unabated.

33.    As alleged in paragraphs 30–32 above, Brandon's acts of Grooming, (1) were undertaken in furtherance of duties within the course and scope of his agency with, and on behalf of, the District Defendants, (2) were actively encouraged and approved of by Defendants' actions and policy decisions, and (3) directly led to or resulted in the eventual escalation of Brandon's ongoing predation of Plaintiff to the point of intimate, physical, sexual abuse.

34.    Starting on or around April 1, 2017, Brandon, while acting within the course and scope of his actual or apparent agency for the District Defendants, and using his authority and position of trust as a public high school teacher—through the Grooming process—induced and directed Plaintiff, a minor, to engage in numerous acts of physical sexual contact, including groping, digital penetration of Plaintiff's vagina, mutual acts of oral sex, penetrative vaginal intercourse, as well as BDSM practices (including subjecting Plaintiff to bondage and whipping). Brandon committed these various acts of physical and sexual abuse on more than one hundred separate occasions. As set out further below, these acts constitute multiple counts by Brandon of sexual battery, each intentionally inflicting emotional distress upon Plaintiff. Some of those acts of sexual abuse were as follows:

> a.    Between approximately April 1, 2017, and May 30, 2017, the first incident of abuse occurred and involved Brandon trying to kiss Plaintiff in his classroom. Plaintiff was confused by the interaction and left the area. The next day, Brandon tried again to kiss Plaintiff; this time, he succeeded. Brandon's abuse of Plaintiff quickly escalated. Within that same day, Brandon coerced Plaintiff to perform oral sex on him and engage in vaginal intercourse in his classroom during school hours. Brandon's abuse continued during this time and included other instances of

oral sex and sexual intercourse, including in the shop classroom at Jewell School, Brandon's truck, and at Brandon's residence. Plaintiff was fourteen (14) years old.

b.  Between approximately June 1, 2017, and July 31, 2017, the abuse involved groping, digital penetration, oral sex, and sexual intercourse, including in the shop classroom at Jewell School, in Brandon's truck, and at Brandon's residence.

c.  Between approximately August 1, 2017, and September 30, 2017, the abuse involved groping, digital penetration, oral sex, and sexual intercourse, including in the shop classroom at Jewell School, Brandon's residence, Brandon's truck, and Plaintiff's residence.

d.  Between approximately October 1, 2017, and November 30, 2017, the abuse involved groping, digital penetration, oral sex, and sexual intercourse, including in the shop classroom at Jewell School, in Brandon's truck, and at Brandon's residence.

e.  Between approximately December 1, 2017, and January 31, 2018, the abuse involved oral sex and sexual intercourse, including in the shop classroom at Jewell School, in Brandon's truck, and at Brandon's residence.

f.  Between approximately February 1, 2018, and March 31, 2018, the abuse involved oral sex and sexual intercourse, including in the shop classroom at Jewell School, in Brandon's truck, and at Brandon's residence.

g.  Between approximately April 1, 2018, and May 31, 2018, the abuse involved oral sex and sexual intercourse, including in the shop classroom at Jewell School, in Brandon's truck, and at Brandon's residence.

h.   Between approximately June 1, 2018, and July 31, 2018, the abuse involved oral sex, sexual intercourse including BDSM practices, and the use of sex toys that Brandon kept in the shop classroom at Jewell School, in Brandon's truck and at Brandon's residence including, but not limited to, bondages, blindfolds, and whips.

i.   Between approximately August 1, 2018, and September 30, 2018, the abuse involved oral sex, sexual intercourse (including BDSM practices like bondage, blindfolds, and whips, and the use of sex toys that Brandon kept in the shop classroom at Jewell School), including in Brandon's truck and at Brandon's residence.

j.   Between approximately October 1, 2018, and December 31, 2018, the abuse involved oral sex, sexual intercourse (including BDSM practices like bondage, blindfolds, and whips, and the use of sex toys that Brandon kept in the shop classroom at Jewell School), including in Brandon's truck and at Brandon's residence.

k.   Further similar acts of sexual abuse continued into 2019.

35.    After Brandon started abusing Plaintiff, information about Brandon's relationship with Plaintiff was discussed widely throughout Jewell School and was known to Jewell School District administrators and staff. For example, Jewell School District administrators and staff knew the following:

a.   Multiple students and staff observed and commented upon the unusual and extensive amount of one-on-one time that Brandon was spending with Plaintiff;

b.   A Jewell School staff member heard comments and reports from students that

Page 15—COMPLAINT

Brandon was "too close" to Plaintiff.

c.  Multiple students and faculty members noticed and reported that Brandon "spent an unusual amount of time with Plaintiff" and that "she seemed close to him."

d.  Students and School staff expressed their conclusion that Brandon was involved in an inappropriate personal relationship with Plaintiff

e.  District staff regularly observed Brandon taking Plaintiff off campus in his car or returning to campus with Plaintiff in his car. Staff members, including the Jewell School maintenance staff member, reported this to District administrators (including Smyth).

f.  During the 2018–2019 school year, a Jewell School District maintenance staff member witnessed a concerning intimate interaction between Brandon and Plaintiff. Specifically, the maintenance staff member went into Brandon's classroom for a maintenance-related purpose and found Brandon alone with Plaintiff in his classroom. Brandon was very closely beneath Plaintiff, looking directly up her skirt at her genitals and flirting with Plaintiff. The Jewell School maintenance staff member was very concerned about what he observed, concluded it amounted to misconduct and policy violations by Brandon towards Plaintiff and quickly reported this incident directly to Superintendent Hunsaker.

g.  Brandon also regularly took Plaintiff off campus to various locations, including lunch, during the school day. On one or more occasions, Brandon was observed by District staff with Plaintiff at locations off-campus during the school day. On one occasion, Brandon was observed with Plaintiff and another minor female student at lunchtime at a local cemetery.

h.   Principal Smyth witnessed Brandon driving Plaintiff home from school on multiple occasions. Principal Smyth told Brandon that Brandon was not allowed to drive students off campus and that there was a policy against such behavior.

i.   The District's concerns grew to the point where they even installed cameras in the shop room and warned Brandon that he was under "extra scrutiny."

j.   In the Fall of 2018, during a drop-in, Superintendent Hunsaker and Executive Administrator Phillips found Brandon alone, behind closed doors with two minor female students (including Plaintiff) in clear violation of school policy. Shortly thereafter, school administrators caught Brandon again behind closed doors, alone, with Plaintiff in clear violation of school policy. District Defendants took no immediate meaningful action to restrict Brandon or protect minor students from the known danger he posed.

k.   On November 16, 2018, Phillips issued a written "official reprimand" based on concerns regarding Brandon's inappropriate interactions with students. Phillips interviewed multiple students from Brandon's classroom who corroborated concerns about Brandon's boundary violations and inappropriate conduct towards students. Among the concerns was Brandon spending most of the instructional period behind closed doors in his private office with female students (one of whom was Plaintiff). Even then, District Defendants did not take decisive action to restrict Brandon's access to minor students or to otherwise prevent harm to Plaintiff or other students.

36.   As set out above, prior to many of the instances of physical and sexual abuse Plaintiff suffered, Defendants had extensive information Brandon's dangerousness towards female students. Despite Defendants' knowledge of this information, neither the District,

**Page 17—COMPLAINT**

Superintendent Hunsaker, Principal Smyth, Executive Administrator/Superintendent Phillips, nor any other District staff reported this information to the proper authorities, undertook any further investigation, made any effort to warn Plaintiff or her parents of the danger Brandon posed to her, nor made any attempt otherwise to end, mitigate, or prevent Brandon's ongoing sexual abuse of Plaintiff. Instead, the District maintained Brandon in his position and agreed to allow Brandon to quietly resign and finish out the school year without restrictions or warning to students or parents. As a result, on information and belief, Brandon sexually harassed other minor female students at Jewell School as well.

37.     On December 20, 2018, Brandon submitted a written letter of intent to resign six months later at the end of the 2018–2019 school year. The resignation letter was devoid of any reference to his repeated improper conduct and instead only referenced that he had "fallen back in love with [teaching] English" and his desire to "focus . . . [his] career inside a middle or high school ELA/social studies classroom."

38.     Defendant Jewell School District, by allowing Brandon to remain on staff and in a position of trust and authority (despite knowing that he posed a danger to students), kept Brandon in a position with access and authority over vulnerable minor students (including Plaintiff). As a result, Brandon predictably continued to repeatedly and severely sexually harass and abuse Plaintiff throughout that year.

39.     To continue his sexual abuse of Plaintiff and maintain her compliance and secrecy, Brandon also began plying Plaintiff with drugs. Brandon first offered Plaintiff marijuana at school. Over time, he also began plying her with Adderall, Xanax, and then cocaine, oftentimes on campus and during school hours. Plaintiff became dependent upon certain of the drugs provided to her by Brandon and thereby became further reliant upon Brandon to provide her continued access to these drugs. Over time, Brandon further manipulated Plaintiff and

maintained her compliance with and secrecy about the sexual abuse by coercing Plaintiff to sell drugs to her peers, including on campus and during school hours. Brandon required Plaintiff to deliver the proceeds from the drug sales to him and thereby profited from these activities. This conduct gave Brandon further control over Plaintiff based on both the risk of Brandon exposing Plaintiff's conduct and by inculcating a feeling of complicity on Plaintiff's behalf.

40.    Without the District's help, Plaintiff was left to end the sexual abuse herself. She did so in approximately early 2019. Even thereafter, Brandon continued to pursue Plaintiff at school, massaging her neck and back, touching her, attempting to kiss her, and trying to engage her in sexual acts. Plaintiff continued to rebuff Brandon and avoid being alone with him. Brandon conducted this ongoing sexual harassment and abuse in an open and observable manner.

41.    On April 1, 2019, a Jewell School District volunteer walking by Brandon's class saw Plaintiff smoking marijuana and reported it to the school administration. (Brandon was absent from the classroom at the time that the students were seen by the volunteer.) A small group of three female students (including Plaintiff) who regularly used marijuana with Brandon in his classroom were called into Superintendent Phillips' office.

42.    During that meeting, one of the other girls who was present admitted to vaping marijuana in Brandon's classroom but did not go so far as to identify Brandon as the source. Superintendent Phillips suspended that girl for two days. Plaintiff disclosed to Superintendent Phillips that it was Brandon who had supplied her with the marijuana vape pen. Thereafter, Phillips effectively expelled Plaintiff, rescinding an inter-district transfer and forcing Plaintiff to return to her zoned school in the Vernonia School District.

43.    Plaintiff's father also told Phillips that he believed Brandon supplied the marijuana to Plaintiff. District Defendants did not take any meaningful action in response to this information. Instead, District Defendants allowed Brandon to complete the 2018–2019 school

**Page 19—COMPLAINT**

year.

44.     Brandon completed the 2018–2019 school year, after which, on information and belief, District Defendants engaged in an industry practice known as "passing the trash," whereby the District Defendants facilitated Brandon obtaining another teaching job, this time with grade schoolers at Hilda Lahti Elementary School in the Knappa Public School District, with no disclosure of the danger he posed.

45.     On August 31, 2019, Plaintiff's father told police that Brandon had supplied the drugs to Plaintiff. Police opened an investigation.

46.     In the Fall of 2019, after both Brandon and Plaintiff had left Jewell School, the new shop teacher at Jewell School found in the shop classroom what appeared to be a love letter. Further investigation revealed the letters were from Brandon to Plaintiff. In the letter, Brandon lecherously comments to Plaintiff about, among other things, the following: "Your lips . . . your legs. Your hands (And what you do with them) . . . Your soft skin . . . Your curves. Your moans. Your wetness . . . Your breasts. Your 'fuck me' look . . . Your scent . . . Your taste . . .Your commitment to make your partner cum. Your blow jobs."

47.     Throughout the period of Brandon's boundary violations, harassment, and grooming of Plaintiff while Plaintiff attended Jewell School, much of which was observable, occurred within view of the Defendants, the Defendants (1) failed to question Brandon about the nature of his relationship with Plaintiff, (2) failed to investigate comments and reports that Brandon had an intimate relationship with Plaintiff, (3) failed to report reasonable suspicion of child abuse of Plaintiff to police or state authorities, and (4) failed to create and enforce an appropriate boundary between Brandon and students, including Plaintiff. In so doing, Defendants acted with deliberate indifference to the safety of students, including Plaintiff, and/or tacitly authorized Brandon's misconduct to continue.

**Page 20—COMPLAINT**

48.     On November 24, 2021, Brandon was arrested and charged with five (5) counts of Rape in the Third Degree, nine (9) counts of Sexual Abuse in the Third Degree, one (1) count of Sodomy in the Third Degree, and five (5) counts of Unlawful Delivery of a Marijuana Item.

49.     Defendants failed to provide, offer, recommend, or coordinate any health, psychological, counseling, and/ or academic assistance or services of any kind to Plaintiff to address, remedy, or mitigate any of the harms she suffered as a result of Brandon's sexual abuse.

50.     Defendants further failed to address any needed policy changes or to terminate or discipline any District board, administrative, or teaching personnel as a result of Brandon's sexual abuse of Plaintiff.

51.     On March 28. 2023, Brandon pled guilty and was convicted of the following crimes for his conduct towards Plaintiff: two (2) counts of Rape in the Third Degree, one (1) count of Sodomy in the Third Degree, and one (1) count of Unlawful Delivery of a Marijuana Item.

52.     As a result of Brandon's sexual abuse, molestation, and breach of authority, trust, and position as Defendants' teacher and agent, Plaintiff suffered and will suffer in the future: severe and debilitating mental and emotional injury, including but not limited to pain and suffering, emotional trauma, inner turmoil, profound confusion, shame, guilt, anxiety, stress, fear for her personal safety, low self-esteem, depression, suicidal ideation, chronic post-traumatic stress disorder, sexual dysfunction, feelings of uselessness, feeling unwanted, social isolation, embarrassment, avoidance, denial, obsessive behaviors, anger, issues with authority, hypervigilance, and distrust of others. All of the aforementioned injuries have caused and will cause Plaintiff non-economic damages in an amount to be proven at trial.

53.     As an additional result and consequence of Brandon's sexual abuse, molestation,

and breach of authority, trust, and position as Defendants' teacher and agent, Plaintiff has incurred, and/or will incur in the future, costs for psychotherapy, psychological evaluations, psychiatric care, substance abuse treatment, and similar medical treatment. All the aforementioned injuries have caused and will cause Plaintiff in an amount to be proven at trial.

54.    Each of Plaintiff's claims set out herein are timely for one or more of the following reasons:

    a.  Any limitations periods applicable to Plaintiff's claims were tolled based on minority;

    b.  Any limitations periods applicable to Plaintiff's claims were tolled based on a disabling mental condition;

    c.  Any limitations periods applicable to Plaintiff's claims were tolled by an agreement on behalf of Defendants;

    d.  Any limitations periods applicable to Plaintiff's claims are equitably tolled or Defendants are equitably estopped from attacking Plaintiff's claims on timeliness grounds;

    e.  Less than two years have elapsed since Plaintiff discovered that the conduct by Brandon was harmful or offensive;

    f.  Less than two years have elapsed since Plaintiff discovered her injuries and the causal role that conduct by Defendants played in her injuries;

    g.  Plaintiff is under 40 years old and therefore her claims are timely under ORS 12.117;

**Page 22—COMPLAINT**

h.  To the extent notice of claim was required under ORS 30.275, Plaintiff timely provided such notice on or about May 25, 2023, less than 180 days after discovering that she had been injured and that there was a substantial possibility that the injury was caused by the conduct of Defendants.

## FIRST CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – State-Created Danger**
**(As against all Defendants)**

55.     Plaintiff repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

56.     The Defendants, with deliberate indifference, exposed Plaintiff to Brandon's long-known and ongoing pattern of Grooming, boundary violations, and overtly predatory behavior toward the District's female students.

57.     The Defendants' deliberately indifferent exposure of Plaintiff to Brandon, as a teacher known to harbor sexual interest in his minor female students (including a known sexual interest in Plaintiff), affirmatively placed Plaintiff into the state-created danger of sexual abuse by Brandon.

58.     As a result of the Defendants' deliberate indifference to their state-created danger of sexual abuse, Plaintiff did in fact suffer numerous acts of sexual abuse by Brandon from approximately 2017 into 2019.

59.     The Defendants, under color of state law, subjected Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution, specifically Plaintiff's Fourteenth Amendment interest in bodily integrity and security from violation by state actors, in violation of 42 U.S.C. § 1983.

**Page 23—COMPLAINT**

60.    As a direct result of her exposure by the Defendants to their state-created danger of sexual abuse by Brandon, Plaintiff incurred economic and non-economic damages and is entitled to an award of compensatory damages against the Defendants in an amount to be determined by a jury, plus reasonable attorney fees and costs.

61.    The actions of the Defendants, as alleged in paragraphs 55–60, were deliberately indifferent to, and in callous disregard of, Plaintiff's physical safety and civil rights. Accordingly, Plaintiff is entitled to an award of punitive damages against the Defendants in an amount to be determined by a jury.

### SECOND CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – *Monell* Claims**
**(As Against the District Defendants)**

62.    Plaintiff repeats and realleges paragraphs 1 through  hereof, as if fully set forth herein.

63.    This claim is brought under 42 U.S.C. § 1983 to redress the deprivation of Constitutional rights arising from Plaintiff's Fourteenth Amendment interest in bodily integrity and security from violation by state actors, including public school teachers.

64.    District Defendants are liable for the violations of Plaintiff's Constitutional rights pursuant to a policy, practice, or custom of the District.

65.    The "moving forces" that resulted in the violation of Plaintiff's rights included the following:

    a.    A policy, custom, or practice of not providing or enforcing training of all District staff members on how to identify, investigate, report, and prevent grooming, boundary violations, or other predatory behavior;

**Page 24—COMPLAINT**

b.  A policy, custom, or practice of not adopting sufficient policies and procedures as to how to identify, investigate, report, and prevent grooming, boundary violations, and predatory behavior;

c.  A policy, custom, or practice of not implementing or enforcing existing policies, procedures, or training as to how to identify, investigate, report, and prevent grooming, boundary violations, harassment, and predatory behavior;

d.  A policy, custom, or practice of not reporting, tacitly authorizing, or otherwise ignoring substantiated reports and other information indicating ongoing Constitutional deprivations, including sexual harassment and sexual contact by staff toward students;

e.  A policy, custom, or practice of not investigating, corroborating, communicating, adequately documenting, or retaining reports and rumors of suspected, ongoing sexual misconduct or abuse of students by staff;

f.  A policy, custom, or practice of concealing and not warning students and parents about known dangers to students of sexual misconduct, harassment, and abuse posed by certain teachers or other staff members, including Brandon;

g.  A policy, custom, or practice of retaining teachers or staff members known to have already engaged in serious boundary violations, grooming behavior, sexual harassment, or sexual abuse of students, even after reprimand;

h.  A policy, custom, or practice of allowing or encouraging students to spend extensive time with teachers or staff members alone and unsupervised, and without any educational purpose, even when on extensive notice that the teacher in question is unsafe to be around minors; and,

**Page 25—COMPLAINT**

i.  A policy, custom, or practice of not providing training to all District students and parents on the dangers to students of child sexual abuse, including how to identify and protect against grooming, boundary violations, harassment, and other predatory behavior.

66.     These policies, customs, or practices are attributable to the District through the decisions of its lawfully authorized officers or agents who repeatedly adopted such policies, customs, and practices in the face of repeated instances of notice about incidents of grooming, boundary violations, harassment, predatory behavior, and sexual conduct by staff towards students by Brandon and, on information and belief, by other District teachers, administrators, and staff.

67.     The above-alleged policies, customs, or practices of the District Defendants posed a substantial, known risk of causing significant harm to students, including Plaintiff.

68.     As a direct and proximate result of these policies, customs, or practices, Plaintiff suffered sexual abuse, which constitutes a violation of Plaintiff's Fourteenth Amendment interest in bodily integrity and security from violation by state actors, including public school teachers.

69.     As a direct result of the above-alleged policies, customs, or practices of the District Defendants, Plaintiff was sexually abused by Brandon and suffered severe mental and emotional distress. Accordingly, Plaintiff is entitled to an award of compensatory damages against the District Defendants in an amount to be determined by a jury, plus her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

70.     The actions of the District Defendants, as alleged in paragraphs – above, were deliberately indifferent to, and in callous disregard of, Plaintiff's physical safety and civil rights. Accordingly, Plaintiff is entitled to an award of punitive damages against the District Defendants

in an amount to be determined by a jury.

### THIRD CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 - Supervisory Liability**

### COUNT ONE
**(As Against Defendant Alice Hunsaker)**

71.     Plaintiff repeats and realleges paragraphs 1 through 70 hereof, as if fully set forth herein.

72.     By at least 2017, prior to Brandon's Grooming and sexual abuse of Plaintiff, District Superintendent Hunsaker, in her individual, supervisory capacity, acquired notice of the following regarding her subordinate Brandon:

     a.   That Brandon was engaged in a continuing pattern of depriving female District students of their constitutionally protected interests in bodily security by engaging in boundary violations, grooming and/or sexual harassment of students.

     b.   That Brandon had begun to commit these acts by at least 2014;

     c.   That, between 2014 and 2017, Brandon had been confronted by school administrators for numerous reported, documented, corroborated, and unconstitutional deprivations of the rights of multiple female District students;

     d.   That Brandon was, nevertheless, retained as a teacher at Jewell School, posing a continuing threat to the Constitutionally protected interests of female District students;

     e.   That Brandon's mentor Paula Jack-Fix recommended to Superintendent Hunsaker that Brandon be terminated, based on Jack-Fix's fear and prediction that his

continued retention would enable, and likely result in, danger to the bodily integrity of female students;

    f.   That Superintendent Hunsaker nevertheless retained Brandon, imposing no supervisory measures or other conditions in response to the known ongoing danger he posed to the District's female students;

    g.   That other District administrators who spoke with Hunsaker personally on the issue knew that Brandon posed a continuing and immediate danger to female students of grooming, sexual harassment, and sexual abuse.

73.    In addition to the above-alleged instances of prior notice of Brandon's dangerousness and misconduct, Supervisory Defendant Hunsaker, in her individual and supervisory capacity, also acquired actual knowledge that Brandon's inappropriate and predatory conduct constituted a specific threat to current female District students, and specifically to Plaintiff herself.

74.    Supervisory Defendant Hunsaker had actual knowledge of Brandon's threat to Plaintiff specifically, based at least on the following instances of overt and observable conduct:

    a.   Brandon engaged in intimate one-on-one conversations with Plaintiff during school hours and events;

    b.   Brandon spent an inordinate amount of time around Plaintiff for no educational purpose, including unsupervised time in his classroom during and outside of class hours, as well as off-campus;

    c.   That Defendants encouraged and allowed Plaintiff to spend time with Brandon alone and isolated in his classroom for no educational purpose;

**Page 28—COMPLAINT**

d.  Prior to most or all of Brandon's physical and sexual abuse of Plaintiff, multiple students had notified numerous District personnel of their concerns regarding Brandon's inappropriate relationship with Plaintiff;

e.  During the course of Brandon's sexual abuse of Plaintiff, it was generally known amongst District staff and students that Brandon was "too close" to Plaintiff, that Brandon spent an unusual amount of time with Plaintiff, and that Brandon seemed close to Plaintiff. This resulted in a widespread conclusion among the school community that Brandon and Plaintiff were involved in an inappropriate, intimate relationship.

f.  That Brandon was taking female students off school premises in his car, including Plaintiff;

g.  Superintendent Hunsaker received reports about concerns that Brandon was observed sitting too close to female students during class time;

h.  Superintendent Hunsaker had concerns about Brandon's interactions with female students, including inappropriate proximity to and in seclusion with female students in his classroom;

i.  Superintendent Hunsaker and Executive Administrator Phillips found Brandon behind closed doors with female students (one of which was Plaintiff) on multiple occasions;

j.  That Superintendent Hunsaker was aware of reports from multiple students from Brandon's classroom who corroborated concerns about Brandon's boundary violations and inappropriate interactions with students, including that Brandon spent the vast majority of the class period in his private office with female

**Page 29—COMPLAINT**

students (one of whom was Plaintiff);

k.   Superintendent Hunsaker received reports from District staff members about observations of inappropriate conduct by Brandon towards Plaintiff, including the report by a Jewell School maintenance worker about Brandon being too close to Plaintiff while staring up her skirt at her genitals and flirting with Plaintiff.

75.    Based on this knowledge, Hunsaker knew Brandon was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to District female students, including Plaintiff specifically.

76.    Instead of (1) terminating Brandon based on his above-alleged notice of Brandon's ongoing and un-remediated boundary violations, grooming, sexual conduct, harassment, and abuse of female students (including of Plaintiff specifically), or even (2) imposing on Brandon any supervisory safeguards or accountability, Supervisory Defendant Hunsaker took no action at all to limit Brandon's access to Plaintiff, or to otherwise stop Brandon's ongoing deprivation of Plaintiff's constitutional rights.

77.    As a direct, inexorable result of the actions and inactions of Supervisory Defendant Hunsaker discussed above, Plaintiff was exposed to a known, grave risk of harm endured and suffered severe emotional distress. The actions and inactions of Supervisory Defendant Hunsaker were deliberately indifferent to the civil rights of Plaintiff and callously disregarded her physical safety. Accordingly, punitive damages against Supervisory Defendant Hunsaker should be awarded in an amount to be determined by a jury.

78.    Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**Page 30—COMPLAINT**

**COUNT TWO**
**(As Against Defendant Terrance Smyth)**

79.    Plaintiff repeats and realleges paragraphs 1 through  hereof, as if fully set forth herein.

80.    Supervisory Defendant Smyth, in his individual, supervisory capacity as Jewell School principal, had actual knowledge that Brandon's inappropriate and predatory conduct constituted a specific threat to students, including to Plaintiff. Smyth was on notice of at least the following, based on Brandon's following overt and observable conduct:

a.   Brandon engaged in intimate one-on-one conversations with Plaintiff, including on campus during school hours and events;

b.   Brandon spent an inordinate amount of time around Plaintiff for no educational purpose, including unsupervised time in his classroom during and outside of class hours, as well as off-campus;

c.   That Defendants encouraged and allowed Plaintiff to spend time with Brandon alone and isolated in his classroom for no educational purpose;

d.   Principal Smyth witnessed Brandon driving Plaintiff home from school. Principal Smyth told Brandon that Brandon was not allowed to drive students off campus and that there was a policy against such behavior.

e.   Principal Smyth evaluated and observed Brandon's classroom performance several times over approximately three years while Brandon was a probationary teacher. Smyth observed that Brandon, in general, exhibited a lack of professional judgment, was too comfortable with minor students, and was too loose in his classroom management.

**Page 31—COMPLAINT**

    f.    Prior to most or all of Brandon's physical and sexual abuse of Plaintiff, multiple students had notified numerous District personnel of their concerns regarding Brandon's inappropriate relationship with Plaintiff;

    g.    During the course of Brandon's sexual abuse of Plaintiff, it was generally known amongst District staff and students that Brandon was "too close" to Plaintiff, that Brandon spent an unusual amount of time with Plaintiff, and that Brandon seemed close to Plaintiff. This resulted in a widespread conclusion among the school community that Brandon and Plaintiff were involved in an inappropriate, intimate relationship.

81.    Based on this knowledge, Smyth knew Brandon was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to District female students, including Plaintiff specifically.

82.    Instead of (1) terminating Brandon based on his above-alleged notice of Brandon's ongoing and un-remediated boundary violations, grooming, sexual conduct towards female students (including of Plaintiff specifically), or even (2) imposing on Brandon any supervisory safeguards or accountability, Supervisory Defendant Smyth took no action at all to limit Brandon's access to Plaintiff, or to otherwise stop Brandon's ongoing deprivations of Plaintiff's Constitutional rights.

83.    As a direct, inexorable result of Smyth's actions and inactions discussed above, Plaintiff was exposed to a known, grave risk of harm endured and suffered severe physical and emotional distress. Smyth's actions and inactions were deliberately indifferent to the Plaintiff's civil rights and callously disregarded her physical safety. Accordingly, punitive damages should be awarded against Supervisory Defendant Smyth in an amount to be determined by a jury.

**Page 32—COMPLAINT**

84.     Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## COUNT THREE
### (As Against Defendant Stephen Phillips)

85.     Plaintiff repeats and realleges paragraphs 1 through  hereof, as if fully set forth herein.

86.     Supervisory Defendant Phillips, in his individual, supervisory capacity as Executive Administrator and Superintendent of Jewell School District, had actual knowledge that Brandon's inappropriate and predatory conduct constituted a specific threat to students, including to Plaintiff. Phillips was on notice of at least the following, based on Brandon's following overt and observable conduct:

    a.  Brandon engaged in intimate one-on-one conversations with Plaintiff during school hours and events;

    b.  Brandon spent an inordinate amount of time around Plaintiff for no educational purpose, including unsupervised time in his classroom during and outside of class hours, as well as off-campus;

    c.  Defendants encouraged and allowed Plaintiff to spend time with Brandon alone and isolated in his classroom for no educational purpose;

    d.  Prior to most or all of Brandon's physical and sexual abuse of Plaintiff, multiple students had notified numerous District personnel of their concerns regarding Brandon's inappropriate relationship with Plaintiff;

    e.  During the course of Brandon's sexual abuse of Plaintiff, it was generally known amongst District staff and students that Brandon was "too close" to Plaintiff, that

Brandon spent an unusual amount of time with Plaintiff, and that Brandon seemed close to Plaintiff. This resulted in a widespread conclusion among the school community that Brandon and Plaintiff were involved in an inappropriate, intimate relationship.

f.  Phillips found Brandon behind closed doors with two female students (one of whom was Plaintiff). Brandon was warned by administrators; however, shortly thereafter, he was caught again doing the same thing;

g.  Phillips issued a written "official reprimand" based on concerns regarding Brandon's interaction with students. Phillips interviewed multiple students from Brandon's classroom who corroborated concerns about Brandon. Among the concerns listed included Brandon spending the vast majority of the period in his private office with two students (one of whom was Plaintiff);

h.  Phillips received reports from students that Plaintiff was smoking marijuana in Brandon's class. Phillips functionally expelled Plaintiff, a minor student, for smoking at school, despite knowing that Brandon provided the marijuana to her. Phillips did not discipline Brandon;

i.  Phillips instituted check-in rotations in Brandon's classroom due to reports of misconduct;

j.  District administrators concerns about Brandon grew to the point where they installed cameras in the shop room and warned Brandon that he was under "extra scrutiny."

87.    Based on this knowledge, Phillips knew Brandon was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to District female students,

**Page 34—COMPLAINT**

including Plaintiff specifically.

88.     Instead of (1) terminating Brandon based on his above-alleged notice of Brandon's ongoing and un-remediated sexual misconduct, harassment, and abuse of female students (including of Plaintiff specifically), or even (2) imposing on Brandon any supervisory safeguards or accountability, Supervisory Defendant Phillips took no action at all to limit Brandon's access to Plaintiff, or to otherwise stop Brandon's ongoing deprivations of Plaintiff's constitutional rights.

89.     As a direct, inexorable result of Phillips's actions and inactions discussed above, Plaintiff was exposed to a known, grave risk of harm endured and suffered severe physical and emotional distress. Phillips's actions and inactions were deliberately indifferent to Plaintiff's civil rights, and callously disregarded her physical safety. Accordingly, punitive damages should be awarded against Supervisory Defendant Phillips in an amount to be determined by a jury.

90.     Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## FOURTH CLAIM FOR RELIEF

### Violation of Title IX, 20 U.S.C. § 1681, *et seq.*
### (As Against Defendant Jewell School District)

91.     Plaintiff repeats and realleges paragraphs 1 through 90 hereof, as if fully set forth herein.

92.     Defendant Jewell School District, as a public school district providing a public education to students within its boundaries, is a recipient of Federal educational funding.

93.     Title IX of the Education Amendments of 1972 requires that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be

subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ." This prohibition encompasses sexual harassment and sexual abuse of students by public school employees.

94.    Title IX required that Defendant Jewell School District provide educational opportunities on an equal basis to Plaintiff, regardless of her gender.

95.    Defendant Jewell School District, in the ways alleged further below, violated Title IX by discriminating against Plaintiff based on gender in that they failed to provide educational opportunities on an equal basis to Plaintiff, a minor female student, compared to the educational opportunities provided to minor male students not subject to a known, ongoing danger of sexual harassment and sexual abuse.

96.    Officials within the District with the authority to address gender discrimination and to institute corrective measures had actual knowledge of a substantial risk of abuse or harassment of female students by Brandon. Despite this knowledge, Defendant and its officials failed to take appropriate action to address and prevent the harassment, demonstrating deliberate indifference to Plaintiff's rights under Title IX.

**COUNT ONE**
**Deliberate Indifference to Gender Discrimination, Sexual Discrimination, Harassment, and Abuse**

97.    Plaintiff repeats and realleges paragraphs 1 through 96 hereof, as if fully set forth herein.

98.    At least by 2017, Defendant Jewell School District had actual knowledge of Brandon's ongoing boundary violations, grooming behavior, sexual harassment, and/or sexual abuse of female students, including Plaintiff.

99.    Defendant Jewell School District subjected Plaintiff to discrimination in her

**Page 36—COMPLAINT**

education at Jewell School based on her gender in that she suffered boundary violations, sexual grooming, sexual harassment, and sexual abuse as a condition of her receipt of education at Jewell School.

100.    In light of the known circumstances, Defendant Jewell School District unreasonably failed to take corrective action to stop Brandon's ongoing boundary violations, grooming, sexual harassment, and sexual abuse of Plaintiff, thereby acting with deliberate indifference to the rights and safety of Plaintiff.

101.    The deliberate indifference, actions, and omissions described above caused Plaintiff to suffer gender discrimination and the above-alleged criminal and unconstitutional acts of sexual harassment and sexual abuse by Brandon, which were so severe, pervasive, and objectively offensive that they effectively barred Plaintiff access to educational opportunities or benefits.

102.    As a direct result of Defendant Jewell School District's deliberate indifference, actions, and omissions described above, Plaintiff incurred economic and non-economic damages and is entitled to an award of compensatory damages against Defendant Jewell School District in an amount to be determined by a jury.

103.    Plaintiff is also entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**COUNT TWO**
**Failure to Take Remedial or Corrective Action**

104.    Plaintiff repeats and realleges paragraphs 1 through 103 hereof, as if fully set forth herein.

105.    Defendant Jewell School District's obligations under Title IX extend to taking

steps to prevent the recurrence of known acts of gender discrimination, including sexual harassment and abuse of students by teachers and other District staff, and to remedy the effects of such harassment and abuse on a student.

106.    By at least early 2019, if not earlier, Defendant Jewell School District had actual knowledge of Brandon's ongoing boundary violations, grooming, sexual harassment, and sexual abuse of Plaintiff.

107.    Despite having notice of Brandon's sexual harassment and abuse of Plaintiff, Defendant Jewell School District took no action to correct, address, remedy, or mitigate the effects on Plaintiff of Brandon's abuse or to prevent the future occurrence of gender discrimination and sexual harassment and abuse of students by staff. Defendant Jewell School District failed to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and/ or academic assistance or services to Plaintiff to address or mitigate the harm she suffered.

108.    Defendant Jewell School District further failed to address any needed policy changes to prevent further gender discrimination, sexual harassment, or sexual abuse of students or to terminate or discipline any District, administrative, or teaching personnel as a result of Brandon's sexual abuse of Plaintiff.

109.    Defendant Jewell School District failure to take or attempt any remedial or corrective action in aid of Plaintiff, a victim of known acts of gender discrimination, sexual harassment, or sexual abuse by a District employee, was deliberately indifferent to the rights and safety of Plaintiff.

110.    In failing, with deliberate indifference, to take or attempt any remedial or corrective measures in aid of Plaintiff subsequent to learning of Brandon's gender

discrimination, sexual harassment, and sexual abuse of Plaintiff, including taking any action to mitigate or address the harms caused to Plaintiff by Brandon's abuse, Defendant Jewell School District left Plaintiff vulnerable to further predations, harassment, and abuse by Brandon, including the subsequent acts of sexual abuse she, in fact, suffered as alleged above.

111.    As a direct result of Defendant Jewell School District's deliberate indifference, actions, and omissions described above, Plaintiff suffered gender discrimination and the above-alleged criminal and unconstitutional acts of sexual harassment and sexual abuse by Brandon, which were so severe, pervasive, and objectively offensive that they effectively barred Plaintiff access to educational opportunities or benefits.

112.    As a direct result of Defendant Jewell School District's deliberate indifference, actions, and omissions described above, Plaintiff incurred economic and non-economic damages, and is entitled to an award of compensatory damages against Defendant Jewll School District in an amount to be determined by a jury, plus her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## FIFTH CLAIM FOR RELIEF

### Negligence
### (As Against All Defendants)

113.    Plaintiff repeats and realleges paragraphs 1 through 112 hereof, as if fully set forth herein.

114.    Defendants established a special relationship with Plaintiff once Plaintiff became a student of the District and held out to Plaintiff that their facilities were safe and trustworthy. The special relationship created a duty on the part of Defendants to ensure that the facilities and services are as safe as possible from known dangers and to exercise reasonable care in the selection, training, supervision, and retention of its staff, including Brandon. Alternatively, or in

**Page 39—COMPLAINT**

conjunction with the above, Plaintiff had a special relationship with Defendants as a child entrusted to the care and control of Defendants *in loco parentis*. This special relationship created a duty of care on the part of Defendants to ensure Plaintiff's safety while a student.

115.    On information and belief, Defendants acted negligently and created a foreseeable risk of Brandon abusing students, including Plaintiff, by failing to undertake reasonable child abuse prevention measures in one or more of the following ways:

    a.    In failing to adequately supervise Brandon in his interactions and relationships with minors, including Plaintiff;

    b.    In failing to adequately train employees and/or volunteers, including Brandon, in how to recognize, report, and prevent child sexual abuse;

    c.    In failing to reasonably and adequately investigate and respond to information indicating that Brandon was engaging in inappropriate and sexual contact with students, including Plaintiff;

    d.    In retaining Brandon after learning information indicating that he was engaging in inappropriate and sexual contact with students, including Plaintiff;

    e.    In failing to warn Plaintiff about the known and foreseeable danger of sexual misconduct, harassment, or abuse posed by Brandon;

    f.    In failing to train students and parents about the known and foreseeable danger of child sexual abuse by trusted adults in public school settings; and,

    g.    In failing to enforce child abuse prevention policies and practices.

116.    Any or all of Defendants' failures described above were substantial contributing

and causal factors of all or some of Plaintiff's abuse and damages. As a result, Plaintiff endured and suffered severe physical, mental, and emotional distress.

117.     Defendants' failures described above created a foreseeable risk that students in Defendants' care, including Plaintiff, would be sexually abused. Plaintiff's interest in being protected and free from child sexual abuse was an interest of a kind that the law protects against negligent invasion.

118.     Defendants' failures were direct and foreseeable causes of all or some of Plaintiff's sexual abuse and damages, as alleged above. As a result and consequence of Defendants' negligence, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

119.     In Defendants' actions and failures, Defendants acted with reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the health, safety, and welfare of minor students, including Plaintiff. Plaintiff is thereby entitled to punitive damages against Defendants in an amount to be determined by a jury.

### SIXTH CLAIM FOR RELIEF

**Sexual Battery of Child – *Respondeat Superior***
**(As against Defendant Jewell School District)**

#### COUNT ONE

120.     Plaintiff repeats and realleges paragraphs 1 through 119 hereof, as if fully set forth herein.

121.     Between April 1, 2017, and May 31, 201, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including groping Plaintiff's

**Page 41—COMPLAINT**

genitals, digital penetration, oral sex, and sexual intercourse.

122.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

123.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

124.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

### COUNT TWO

125.    Plaintiff repeats and realleges paragraphs 1 through 124 hereof, as if fully set forth herein.

126.    Between June 1, 2017, and July 31, 2017, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

127.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

128.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and

non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

129.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT THREE

130.    Plaintiff repeats and realleges paragraphs 1 through 129 hereof, as if fully set forth herein.

131.    Between August 1, 2017, and September 30, 2017, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

132.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

133.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

134.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of

**Page 43—COMPLAINT**

Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT FOUR

135.    Plaintiff repeats and realleges paragraphs 1 through 134 hereof, as if fully set forth herein.

136.    Between October 1, 2017, and November 30, 2017, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

137.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

138.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

139.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT FIVE

140.    Plaintiff repeats and realleges paragraphs 1 through 139 hereof, as if fully set

**Page 44—COMPLAINT**

forth herein.

141.    Between December 1, 2017, and January 31, 2018, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

142.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

143.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

144.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT SIX

145.    Plaintiff repeats and realleges paragraphs 1 through 144 hereof, as if fully set forth herein.

146.    Between February 1, 2018, and March 31, 2018, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

**Page 45—COMPLAINT**

147.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

148.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

149.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT SEVEN

150.    Plaintiff repeats and realleges paragraphs 1 through 149 hereof, as if fully set forth herein.

151.    Between April 1, 2018, and May 31, 2018, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

152.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

153.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

**Page 46—COMPLAINT**

154.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT EIGHT

155.    Plaintiff repeats and realleges paragraphs 1 through 154 hereof, as if fully set forth herein.

156.    Between June 1, 2018, and July 31, 2018, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

157.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

158.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

159.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to

punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT NINE

160.    Plaintiff repeats and realleges paragraphs 1 through 159 hereof, as if fully set forth herein.

161.    Between August 1, 2018, and September 30, 2018, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

162.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

163.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

164.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT TEN

165.    Plaintiff repeats and realleges paragraphs 1 through 164 hereof, as if fully set forth herein.

Page 48—COMPLAINT

166.    Between October 1, 2018, and December 31, 2018, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

167.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

168.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

169.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT ELEVEN

170.    Plaintiff repeats and realleges paragraphs 1 through 169 hereof, as if fully set forth herein.

171.    In addition to the conduct in Counts 1-10 above between 2017 and 2019, while acting in the course and scope of his agency for Jewell School District, Brandon engaged in various other instances of harmful and offensive touching of Plaintiff, a minor.

172.    Acts within the course and scope of Brandon's agency with the Jewell School District led to or resulted in his sexual battery of Plaintiff.

Page 49—COMPLAINT

173.    As a direct result of Brandon's sexual battery, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

174.    In sexually battering Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Where, as here, acts within the course and scope of Brandon's agency with the District Defendants led to or resulted in the battery of Plaintiff, punitive damages against an agent are attributable to a principal. Therefore, Plaintiff is entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress—Respondeat Superior
### (As against Defendant Jewell School District)

175.    Plaintiff repeats and realleges paragraphs 1 through 174 hereof, as if fully set forth herein.

176.    Brandon knowingly and intentionally caused severe emotional distress to Plaintiff each and every time he sexually battered her as alleged above in paragraphs 120–174.

177.    Plaintiff did in fact suffer severe emotional distress each and every time she was sexually battered by Brandon, and as a direct result of that sexual battery, as alleged above in paragraphs 120–174.

178.    The sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

179.    While acting in the course and scope of his agency for the District Defendants, Brandon engaged in Grooming, boundary violations, and similar acts that led to or resulted in his intentional infliction of emotional distress to Plaintiff.

**Page 50—COMPLAINT**

180.    As a direct result of Brandon's intentional infliction of emotional distress, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

181.    In intentionally inflicting emotional distress upon Plaintiff, Brandon acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Brandon's agency with the District Defendants were causally connected to and in fact led to his intentional infliction of emotional distress upon Plaintiff. Plaintiff is, therefore, entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.    **On the First Claim for Relief**, for judgment against the Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs and attorney fees;

B.    **On the Second Claim for Relief,** for judgment against the District Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs and attorney fees;

C.    **On the Third Claim for Relief,** for judgment against the Supervisory Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for

punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs and attorney fees;

D.      **On the Fourth Claim for Relief**, for judgment against the Defendant District and Board, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs and attorney fees;

E.      **On the Fifth Claim for Relief,** for judgment against the Defendants for compensatory damages in an amount the jury concludes is appropriate, for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

F.      **On the Sixth Claim for Relief,** for judgment against the District Defendants, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs.

G.      **On the Seventh Claim for Relief,** for judgment against the District Defendants, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs.

H.      For all other relief the Court may deem just and proper.

///

///

///

///

**Page 52—COMPLAINT**

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.


DATED: April 29, 2024
Portland, Oregon


Respectfully submitted,

*s/* Peter B. Janci
**Peter B. Janci, OSB No. 074249**
**Stephen F. Crew, OSB No. 781715**
**Zachary K. Pangares, OSB No. 213383**
*Of Attorneys for Plaintiff*